583 P.2d 464

**STATE of New Mexico, Petitioner,**

v.

**John DOE, a child, Respondent.**

**No. 11983.**

Supreme Court of New Mexico.

Sept. 6, 1978.

Toney Anaya, Atty. Gen., Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for petitioner.

John B. Bigelow, Chief Public Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

McMANUS, Chief Justice.

John Doe (defendant) was adjudged a delinquent child when he was convicted of disorderly conduct in violation of § 40A–20–1, N.M.S.A. 1953 (Repl.1972) and battery upon a police officer in violation of § 40A–22–23, N.M.S.A. 1953 (Repl.1972). He was committed to the Boys' School. The defendant appealed and the Court of Appeals reversed both convictions. The State petitioned for a writ of certiorari. We granted the writ and now affirm in part and reverse in part the decision of the Court of Appeals.

The defendant was a passenger in a car which was stopped by a police patrol after the car had pulled into the parking lot of a liquor store twice. While the officers were questioning the driver, the defendant got out of the car and started arguing with the officers in a loud voice. After several warnings, the defendant was arrested for disorderly conduct. He was then taken to the police station and turned over to the booking officers to be incarcerated. When a routine search was attempted, the defendant struck and kicked the officers searching him.

On appeal the defendant challenged the constitutionality of § 40A–20–1. The Court of Appeals did not reach the constitutionality issue. Instead, it reviewed the evidence and found that there was no probable cause to arrest the defendant because his words and actions did not violate the disorderly conduct statute. The State contends that the Court of Appeals exceeded the permissible scope of review since the defendant did

not raise the issue of sufficiency of the evidence to support the defendant's conviction. We disagree with the State's position.

■ Although sufficiency of the evidence was not challenged in the lower court nor raised on appeal, the Court of Appeals may clearly consider such a question if it constitutes "fundamental error."

The doctrine of fundamental error is resorted to in criminal cases only if the innocence of the defendant appears indisputable, or if the question of his guilt is so doubtful that it would shock the conscience to permit his conviction to stand. *State v. Torres*, 78 N.M. 597, 599, 435 P.2d 216, 218 (Ct.App.1967); *State v. Sedillo*, 81 N.M. 47, 462 P.2d 632 (Ct.App.1969), *cert. denied*, 81 N.M. 40, 462 P.2d 625 (1969).

The Court of Appeals found as a matter of law that the defendant's words and actions did not constitute disorderly conduct. Section 40A–20–1 states:

*Disorderly conduct.*—Disorderly conduct consists of:

A. engaging in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace . . .

■ The defendant was a passenger in the car when the officers began questioning the driver. He started asking in a loud voice why they were being stopped and harassed. He was angry and had his fist clenched, but he made no gesture or movement toward the officers. There was no evidence that a crowd was gathering, that the defendant was inciting belligerent behavior, or that the defendant was causing consternation or alarm. The statute contemplates conduct which tends to disturb the peace. As set forth in *State v. Florstedt*, 77 N.M. 47, 49, 419 P.2d 248, 249 (1966), a "breach of the peace" is " '[A] disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community. . . .' " *See also, State v. Oden*, 82 N.M. 563, 484 P.2d 1273 (Ct. App.1971).

■ Here, no act of violence was attempted. The officer stated that he arrested the defendant because he was getting angry "and with his actions I didn't know that at any time he might go ahead and become combative." But at the time of the arrest the defendant was not "combative," nor was it apparent that his words or actions would produce violence or disturb the peace. *Norwell v. City of Cincinnati*, 414 U.S. 14, 16, 94 S.Ct. 187, 188, 38 L.Ed.2d 170 (1973) states, "[O]ne is not to be punished for nonprovocatively voicing his objection to what he obviously felt was a highly questionable detention by a police officer." We feel that this principle applies here and agree with the Court of Appeals that there was no probable cause for the arrest and that there was insufficient evidence to sustain the conviction.

However, we cannot agree with the second conclusion reached by the Court of Appeals. The Court of Appeals held that the defendant was not guilty of battery upon a police officer under § 40A–22–23. Section 40A–22–23 provides:

Battery upon a peace officer is the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner.

The Court of Appeals reasoned that since the arrest was illegal the search was illegal, and the officers were not acting in the "lawful discharge of their duties."

Even if the arrest was illegal, we cannot condone the use of force in resisting every subsequent act made in good faith by a law enforcement officer. In this case, the search was conducted by booking officers according to regular jail procedures. There is no evidence that the booking officers were acting in bad faith or using unreasonable force. Police officers acting in good faith, although mistakenly, should be relieved of the threat of physical harm.

■ Self-help measures undertaken by a potential defendant who objects to the le-

gality of the search can lead to violence and serious physical injury. The societal interest in the orderly settlement of disputes between citizens and their government outweighs any individual interest in resisting a questionable search. *United States v. Ferrone*, 438 F.2d 381, 390 (3rd Cir. 1971), *cert. denied*, 402 U.S. 1008, 91 S.Ct. 2188, 29 L.Ed.2d 430 (1971). *Accord, State v. Hatton*, 116 Ariz. 142, 568 P.2d 1040 (1977); *State v. Miller*, 282 N.C. 633, 194 S.E.2d 353 (1973). One can reasonably be asked to submit peaceably and to take recourse in his legal remedies.

■ We hold that a private citizen may not use force to resist a search by an authorized police officer engaged in the performance of his duties whether or not the arrest is illegal. The question remains whether the use of force in resisting a search pursuant to an illegal arrest constitutes a battery upon a police officer acting in the "lawful discharge of his duties," as set forth in § 40A–22–23.

The meaning of "lawful discharge of his duties" was discussed in *State v. Frazier*, 88 N.M. 103, 537 P.2d 711 (Ct.App.1975). The policeman in *Frazier* admitted that, prior to stopping the defendant, he had no grounds to believe the defendant was committing or had committed a criminal offense. Nor was any evidence of suspicious activity offered by the State. The policeman was intervening in what was actually a civil matter. When the defendant resisted, the policeman placed her under arrest. Since the police officer had no legitimate reason for stopping the defendant, the Court of Appeals found that the police officer was not acting in the lawful discharge of his duties. Thus, the Court held that the defendant was not guilty of "resisting . . . any peace officer in the lawful discharge of duties," under § 40A–22–1, N.M.S.A. 1953 (Repl.1972).

■ The facts in the case before us are clearly distinguishable from those in *Frazier*. Here, the police officer was conducting a search pursuant to routine jail procedures. The State had a legitimate interest in requiring that a person undergo a search pri-

or to custodial confinement. Such a search was necessary for the protection of the officers in charge of the facility, to prevent escape, and for the protection of the other inmates. *See, Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). We hold that a police officer conducting a search prior to confinement is engaged in the lawful discharge of his duties as required by § 40A–22–23.

■ An arrest undertaken without probable cause does not vitiate all the authority of the arresting officer. Even if an arrest is effected without probable cause, a police officer is engaged in the performance of his official duties if, "[h]e is simply acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic of his own." *United States v. Heliczer*, 373 F.2d 241, 245 (2d Cir. 1967), *cert. denied*, 388 U.S. 917, 87 S.W. 2133, 18 L.Ed.2d 1359 (1967). *Accord, United States v. Martinez*, 465 F.2d 79 (2d Cir. 1972); *State v. Hatton, supra*. A police officer who makes an arrest should not lose all his authority if the arrest is subsequently judged to be unlawful. Police officers must be free to carry out their duties without being subjected to interference and physical harm.

■ Here the police officer was clearly acting within the scope of what he was employed to do. Thus, we affirm the defendant's conviction for battery upon a police officer acting in the lawful discharge of his duties.

The Court of Appeals also held that the trial court erred in committing the defendant to the Boys' School in excess of the statutory maximum set forth in § 13–14–35, N.M.S.A. 1953 (Repl.1976). We agree with the Court of Appeals on this point and affirm its decision.

Therefore, we affirm in part and reverse in part the decision of the Court of Appeals as stated above. We hold that the defendant's conviction for disorderly conduct is reversed, his conviction for battery on a police officer is affirmed, and his commit-

ment in excess of the statutory limit is improper. We remand this case to the district court for further proceedings in accordance with this opinion

IT IS SO ORDERED.

SOSA, EASLEY, PAYNE and FEDERICI, JJ., concur.