EBEL, Circuit Judge,
Dissenting.
I must respectfully dissent from the majority opinion for several reasons. First, I believe that the district court erred when it denied the defendants summary judgment on Fogarty’s Fourth Amendment unlawful arrest claim. The record demonstrates that the defendants were not unreasonably mistaken that probable cause supported the arrest. Second, I believe that Fogarty’s state law false arrest claim is inextricably intertwined with his Fourth Amendment unlawful arrest claim. Therefore, I believe we should exercise pendent jurisdiction and reverse the district court’s denial of summary judgment for Captain Gonzales on this claim. Third, I do not believe that we have appellate jurisdiction over the officers’ appeal of the denial of summary judgment on Fogarty’s Fourth Amendment excessive force claim. The officers solely argue that there is no evidence in the record to support the district court’s decision to deny summary judgment. We lack jurisdiction to review a dispute with the district court’s determination that a genuine issue of material fact precludes summary judgment. Finally, for the same reason, I believe we lack appellate jurisdiction over the defendants’ appeal regarding the denial of summary judgment for Fogarty’s supervisory liability claim.
I. Unlawful Arrest
The majority, in rejecting the defendants’ argument that probable cause supported Fogarty’s arrest, relies on its interpretation of the New Mexico disorderly conduct statute and related precedent. My reading of that precedent, however, dictates a different result. As part of its probable cause analysis, the majority interprets § 30-20-1 narrowly and thus concludes that the statute prohibits only conduct that is likely “to cause violence or other serious public disruption.” Maj. Op. at 1157. The majority reaches this result, in large part, because I believe it overlooks a fundamental legal issue in the case law.
The New Mexico Supreme Court has explained that § 30-20-1 prohibits conduct that “tends to disturb the peace ... by causing consternation and alarm.” State v. Doe, 92 N.M. 100, 583 P.2d 464, 466 (1978) (emphasis added). The New Mexico Supreme Court has not addressed § 30-20-1 since Doe; however, in State v. Salas, the New Mexico Court of Appeals held that conduct falling well short of a “serious public disruption” breaches the peace. 127 N.M. 686, 986 P.2d 482, 487 (Ct.App.1999). In Salas, the court held that the defendant’s mere use of profanity “tend[ed] to disturb the peace” because the defendant’s comments appeared to offend one woman standing nearby. Id. Thus, the court held that probable cause justified the arrest. See id. (“[T]he only requirement is that Defendant’s actions *1167 disturb the public peace. A reasonable officer could well conclude, while at the scene of this occurrence, that the woman walked against the wall avoiding Defendant because of consternation and alerted [the officer] because ... Defendant’s behavior was disturbing] the peace and quiet of the community.” (internal quotation marks and citation omitted) (quoting Doe, 583 P.2d at 466)).
Salas demonstrates that the majority’s interpretation of § 30-20-1 is unduly narrow. The majority, however, attempts to avoid Salas by contending that the court of appeals narrowly construed that opinion in a more recent case. See State v. Hawkins, 128 N.M. 245, 991 P.2d 989, 993 (Ct.App.1999). I believe the majority’s conclusion overlooks a fundamental legal issue relevant to the holdings in both Salas and Hawkins: the fact that New Mexico “holds police officers to a higher standard of tolerance for abuse or offensive language.” Hawkins, 991 P.2d at 992.
In Hawkins, the evidence revealed that the only bystanders that possibly could have been disturbed by the defendant’s “loud or offensive” remarks were the two police officers at the scene. Id. Accordingly, the court, relying on the higher standard of tolerance New Mexico requires of police officers, held that the effect of the defendant’s remarks on the officers was insufficient to establish probable cause. Id. In contrast, the record in Salas demonstrated that the defendant’s conduct disturbed a non-police bystander and that the defendant approached the officer in an aggressive manner, with his fists clenched. Salas, 986 P.2d at 488. Although the Hawkins court focused on the latter factor, which distinguished the factual records of the two cases, that focus does not alter the fact that the court in Salas expressly based its holding solely on the effect of the defendant’s conduct on a non-police bystander.[1] See id. at 488-89 (“Defendant was not arrested for his actions toward [the officer], other people were present, and the district court found that Defendant disturbed a member of the public. [The officer] had probable cause to arrest Defendant for disorderly conduct.” (emphasis added)). Thus, the Salas court’s broad interpretation of § 30-20-1 remains binding New Mexico law.
Based on this reading of New Mexico precedent, I believe that the defendants had probable cause for two reasons. First, § 30-20-1 only requires conduct that “tends to disturb the peace.” N.M. Stat. Ann. § 30-20-1 (emphasis added). Second, our precedent dictates that police officers are entitled to qualified immunity even if they are reasonably mistaken about the presence of probable cause. See Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1256 (10th Cir.1998) (“Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity.”) (internal quotation marks omitted) (quoting Romero *1168 v. Fay, 45 F.3d 1472, 1476 (10th Cir.1995)). Although we construe the record in the light most favorable to Fogarty, we evaluate whether that record supports probable cause based on the facts and circumstances “as they would have appeared to prudent, cautious and trained police officers.” United States v. Davis, 197 F.3d 1048, 1051 (10th Cir.1999). The combined effect of these two factors entitles the defendants to qualified immunity. The record illustrates that Fogarty participated in a drum circle during the protest and that the defendants perceived the drums to be one source of interference with their ability to communicate with the crowd of protestors. Thus, it was reasonable for the defendants to conclude that, from their perspective, the drumming was unreasonably loud and therefore tended to disturb the peace. The defendants therefore reasonably determined they had probable cause to arrest Fogarty, and accordingly, the district court erred by denying the defendants qualified immunity for the Fourth Amendment unlawful arrest claim.
II. Pendent Jurisdiction
The question of pendent jurisdiction over Fogarty’s state law false arrest claim relates to the unlawful arrest analysis. We should exercise pendent jurisdiction over Captain Gonzales’ appeal on this issue because the Fourth Amendment unlawful arrest and the state law false arrest claims are “inextricably intertwined.”[2] Swint v. Chambers County Comm’n, 514 U.S. 35, 51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). Based on this exercise of our pendent jurisdiction and the determination that the defendants possessed probable cause, I believe the district court should have granted Captain Gonzales summary judgment on this state law claim.
III. Excessive Force
In contrast to the majority opinion, I do not believe that we have appellate jurisdiction to consider the officers’ argument on appeal for this claim.[3] The district court concluded that summary judgment was inappropriate because disputed issues of material fact existed regarding the officers’ involvement with the use of force. On appeal, the officers contend only that the district court erred because there was no evidence in the record to support Fogarty’s allegations of excessive force.[4]
We cannot exercise appellate jurisdiction over an interlocutory appeal if the defendant only contests the district court’s determination that a dispute of material facts remains. See Walker v. City of Orem, 451 F.3d 1139, 1154 (10th Cir.2006) (“A defendant may not immediately appeal a district court’s order denying qualified immunity, however, merely to dispute the district *1169 court’s conclusions that plaintiffs claims are supported by sufficient evidence in the record or that disputed issues of material fact exist which preclude summary judgment.”). The officers do not contend that the district court misapplied the law. Instead, they contest only the district court’s conclusion that the presence of disputed material facts precludes summary judgment. Therefore, pursuant to Walker, we may not exercise appellant jurisdiction and should dismiss this aspect of the appeal rather than affirm the district court’s decision.
IV. Supervisory Liability
The defendants contend that the district court erred by denying them qualified immunity because there is “no evidence” linking the supervisory officers to the use of excessive force. In contrast, the district court concluded that summary judgment was not appropriate because genuine factual issues remained. As noted above, we may not consider the defendants’ argument that the district court erred because no genuine factual issues exist. Therefore, we must also dismiss this aspect of the appeal.

. The majority also asserts that Hawkins narrowly construed Salas by citing an Alabama case for the proposition that "[an] expression was not disorderly when it ‘did not contain a threat and [was] not likely to cause a violent response.'” Maj. Op. at 1157 n. 9 (quoting Hawkins, 991 P.2d at 993). By selectively quoting this passage, the majority’s assertion misconstrues the court’s language in Hawkins. The complete passage explains that the Alabama court held that a defendant’s protests regarding an arrest did not support a conviction for disorderly conduct because the comments "did not contain a threat and were not likely to cause a violent response by the police officer to whom they were addressed, especially in view of probable training the officer received for dealing with similar situations.” Hawkins, 991 P.2d at 993 (emphasis added). The complete language of this passage further underscores the factual distinctions between Salas and Hawkins and thus does not demonstrate that the Hawkins court was construing Salas narrowly.

. The officers waived this issue by failing to raise it in their initial brief. See United States v. Martinez, 518 F.3d 763, 767 n. 2 (10th Cir. Mar.3, 2008). Accordingly, I agree with the majority's decision to decline to exercise pendent jurisdiction over this claim against the officers.

. I agree with the majority opinion, however, that we have appellate jurisdiction to consider Captain Gonzales’ argument regarding whether the use of nonlethal munitions constitutes excessive force because Captain Gonzales raised that legal argument in his opening brief. I also agree that Sergeant Hill raised an abstract legal argument regarding Fogarty’s allegation of a failure to intervene during the use of excessive force. Accordingly, we have appellate jurisdiction to consider that issue.

.Although the officers raise an abstract legal argument in their reply brief — they contend that the amount of force used was reasonable' — we generally decline to consider arguments raised for the first time in a reply brief, and I see no reason to vary from that practice here. The precise amount of force administered, and by whom, remain factual issues still in controversy. Martinez, 518 F.3d 763, 767 n. 2.