This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                          **NO. 32,996**

**DANIEL DIAZ,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
J.K. Theodosia Johnson, Assistant Public Defender
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1} The State appeals from a district court order dismissing the charge of battery upon a peace officer. We issued a calendar notice proposing to reverse. Defendant has filed a timely memorandum in opposition. We reverse.

{2} In this case, Defendant had been charged with driving while intoxicated (DWI) and battery upon a peace officer. [RP 1] The State stipulated that the officer lacked probable cause to make the arrest, and the DWI charge was dismissed. [DS 4] Defendant then argued that the battery charge also should be dismissed because the officer was not acting lawfully when he was effectuating the arrest because he did not have probable cause. [DS 4] The district court agreed and dismissed the charge. [RP 124]

{3} Our calendar notice indicated that this case is controlled by our Supreme Court's analysis in *State v. Doe*, 1978-NMSC-072, ¶ 8, 92 N.M. 100, 583 P.2d 464. In *Doe*, the issue was whether a person who uses force against an officer to resist a search after an illegal arrest may be convicted of battery on a police officer. *Id*. Battery upon a peace officer consists of "the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." NMSA 1978, § 30-22-24(A) (1971). The defendant in *Doe* had attacked officers who were searching him at the police station after he had been illegally arrested. 1978-NMSC-072, ¶ 2.

**{4}** The Supreme Court in *Doe* concluded that "a private citizen may not use force to resist a search by an authorized police officer engaged in the performance of his duties whether or not the arrest is illegal." *Id*. ¶ 11. Our Supreme Court then addressed the element of the crime that the officers were acting within the "lawful discharge of [their] duties." *Id*. (internal quotation marks omitted). It concluded that they were within the lawful discharge of their duties because they were still acting within their authority, even though there was no probable cause for the arrest. *Id*. ¶ 14. In determining that the defendant committed a battery upon a peace officer, the Court held that the officers were acting within their authority as long as they were acting "within the scope of what [they were] employed to do." *Id*. ¶ 15.

**{5}** The facts of this case are identical to *Doe* in that the alleged battery occurred while the officer was acting within his authority, even though the arrest itself was not supported by probable cause. To the extent that Defendant believes [MIO 4-6] that there is some Court of Appeals case law that may be read to be in conflict with *Doe*, we are bound by our Supreme Court precedent. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that this Court is bound by Supreme Court precedent).

**{6}** Alternatively, Defendant argues that the facts of this case only support simple battery under our case law. *See State v. Padilla*, 1997-NMSC-022, ¶¶ 5-7, 123 N.M. 216, 937 P.2d 492. However, the facts relating to this argument have not been

3

developed below, and we do not believe that it would be fair to deny the State an opportunity for further factual development. *See State v. Franks*, 1994-NMCA-097, ¶ 8, 119 N.M. 174, 889 P.2d 209 (stating that this Court may "affirm a district court ruling on a ground not relied upon by the district court, [but] will not do so if reliance on the new ground would be unfair to appellant.")

{7} For the reasons set forth above, we reverse.

{8} **IT IS SO ORDERED.**

                                   _____

                                   **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**