This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 34,289**

**JAHI D.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Child appeals the district court's order finding Child to be a delinquent child and placing him on probation for two years. We issued a notice proposing to affirm, and Child has responded with a memorandum in opposition. Having carefully considered that memorandum, we are not persuaded and we therefore affirm.

{2}     In our notice we addressed two issues: the officers' alleged failure to give *Miranda* warnings to Child prior to his arrest, and the sufficiency of the evidence supporting the offense of resisting, evading, or obstructing an officer, which was the basis of the delinquency adjudication. In response to our notice Child has refined his sufficiency-of-the-evidence argument. [MIO 3-9] He now argues that one element of the offense, the requirement that the officer be acting in "the lawful discharge of his duties," was not satisfied in this case. *See* NMSA 1978, § 30-22-1(D) (1981). Child argues that at the point the officer took hold of Child's arm, there was no reasonable suspicion or probable cause to support the seizure and the seizure was therefore unconstitutional. According to Child, if an officer makes an arrest or seizure that is in violation of the state or federal constitutions, that officer is not acting in the lawful discharge of his duties and therefore an individual physically resisting such an arrest or seizure cannot be found in violation of Section 30-22-1(D). Thus, Child's acts of

resistance to the officer's seizure of his arm did not, as a matter of law, violate the resisting-an-officer statute.

**{3}** This refined sufficiency argument was not made in the docketing statement, and there is no indication as to whether it was argued below. However, because it implicates the sufficiency of the evidence, it may be raised at any time, including for the first time on appeal, and we therefore address it. *See State v. Sotelo*, 2013-NMCA-028, ¶ 30, 296 P.3d 1232. Having reviewed the applicable case law, we determine that Child's position is contrary to controlling authority and we therefore cannot agree with Child.

**{4}** Our Supreme Court described what it means for an officer to be acting in "lawful discharge of his duties" in *State v. Doe*, 1978-NMSC-072, ¶ 14, 92 N.M. 100, 583 P.2d 464. The Court stated that it does not matter whether an arrest made by the officer is legal or illegal; he is acting in the lawful discharge of his duties if he is acting within the scope of what he is employed to do, rather than engaging in a personal frolic of his own. In addition, the Court expressly held that "a private citizen may not use force to resist a search by an authorized police officer engaged in the performance of his duties whether or not the arrest is illegal." *Id.* ¶ 11. This standard has been applied in several Court of Appeals cases, including *State v. Nemeth*, 2001-NMCA-029, ¶¶ 51-57, 130 N.M. 261, 23 P.3d 936 (holding that jury instruction

stating that officer must have been performing the duties of a peace officer was simply another way to say the officer was acting in the lawful discharge of his duties and was not grounds for reversal), *overruled on other grounds by State v. Ryon*, 2005-NMSC-005, ¶ 28, 137 N.M. 174, 108 P.3d 1032, and *State v. Tapia*, 2000-NMCA-054, ¶ 13, 129 N.M. 209, 4 P.3d 37 (defining "lawful discharge of his duties" as "acting in good faith and within the scope of what the officer is employed to do"). *See also State v. Tapia*, 2015-NMCA-055, ¶ 12, ___ P.3d ___ (discussing inapplicability of exclusionary rule to evidence of physical attacks on law enforcement officers following illegal arrests or entries into a home). All of these cases lead to the conclusion that an officer is still acting within the lawful discharge of the officer's duties even if conducting a search or seizure that violates an individual's constitutional rights because it is not supported by reasonable suspicion or probable cause. Thus, if the individual physically resists the officer, the individual may be charged with and convicted of resisting, evading, or obstructing an officer.

{5}     Defendant understandably relies on an opinion written by this Court, *State v. Phillips*, 2009-NMCA-021, 145 N.M. 615, 203 P.3d 146. We acknowledge that language in *Phillips* supports Defendant's argument; in *Phillips* we stated that, for purposes of the battery-upon-a-peace-officer statute (NMSA 1978, Section 30-22-24 (1971), which also contains the lawful-discharge-of-his-duties element), an officer is

4

not acting within the lawful discharge of the officer's duties if acting in violation of "common-law, statutory, or constitutional limitations on the officer's authority." 2009-NMCA-021, ¶ 16. Under *Phillips*, Child would be free to make the argument, as he does in his memorandum in opposition, that the officer was acting unconstitutionally when he grabbed Child's arm, and that this rendered non-criminal Child's act of resistance to that seizure. However, the *Phillips* discussion is not controlling authority, as none of the discussion was necessary to the result of the case. Even under the more restrictive standard enunciated in the discussion, *Phillips* affirmed the defendant's conviction for battery on a peace officer because we found that the officer had acted in the lawful discharge of his duties. Therefore, the discussion of the more restrictive standard was dictum that has no controlling force. *See Moses v. Skandera*, 2015-NMCA-036, ¶ 19, 346 P.3d 396 (describing dictum as a statement that is unnecessary to the outcome of the case, even if the statement is emphatically or deliberately phrased), *cert. granted*, 2015-NMCERT-___ (No. 34,974, Jan. 26, 2015). Furthermore, the *Phillips* discussion is contrary to what we see as controlling authority, which is the Supreme Court's enunciation of the meaning of "lawful discharge of his duties" in *State v. Doe*, 1978-NMSC-072, ¶ 14. We therefore decline to follow *Phillips* in this case.

{6} Defendant also relies on *State v. Frazier*, 1975-NMCA-074, 88 N.M. 103, 537 P.2d 711. In *Frazier* a police officer, who admittedly had no suspicion that a crime had occurred, intervened in a non-violent private dispute, chased after one of the participants, and physically detained her. *Id.* ¶ 7. The participant resisted the officer by punching him and was arrested for resisting an officer. *Id.* ¶ 13. Following the arrest, the participant's purse was searched and she was charged with possession of marijuana and heroin. *Id.* ¶ 8. Her motion to suppress the drugs was denied, and we reversed, holding that the officer was not acting in the lawful discharge of his duties when he detained the participant, so her resistance did not provide probable cause to support her arrest. *Id.* ¶ 15. The Supreme Court in *Doe* distinguished *Frazier* on the basis that in *Frazier* the officer had no legitimate reason for detaining the defendant and knew this at the time he acted. *Doe*, 1978-NMSC-072, ¶¶ 12, 13.

{7} In essence, the Supreme Court in *Doe* classified the officer's action in *Frazier* as a personal frolic. In this case, on the other hand, the officer who was transporting Child home had detained Child as a suspect in a battery. Rather than charging Child with a criminal offense, the officer decided to transport Child to his home. Given the fact that Child was a juvenile and may have been engaged in an altercation of some sort, it was not completely unreasonable for the officer to believe that he had the authority to turn Child over to his parents by transporting him home, rather than

allowing him to freely wander the streets and perhaps resume the prior altercation. This case, therefore, is unlike *Frazier*, even assuming the officer had no actual statutory or constitutional authority to insist that Child remain in his vehicle to be transported home. We therefore remain convinced that there was sufficient evidence in this case to satisfy the "lawful discharge of his duties" element of the resisting-an-officer charge.

{8}     Child again argues that he should have been given *Miranda* warnings and that the officer's failure to do so rendered his subsequent arrest illegitimate. We fully addressed this argument in our notice of proposed disposition, and we are not persuaded by Child's memorandum in opposition. For the reasons stated in our notice, therefore, we do not accept Child's argument on this point.

{9}     Based on the foregoing, we affirm the order adjudicating Child as delinquent.

{10}     **IT IS SO ORDERED.**

_____
                                    **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

7

_____
**M. MONICA ZAMORA, Judge**