| STATE V. CARTER |
|---|

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**DAVID CARTER,**
**Defendant-Appellant.**

NO. A-1-CA-37556

COURT OF APPEALS OF NEW MEXICO

February 4, 2019

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY, Brad Dalley, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM, for Appellee

Bennett J. Baur, Chief Public Defender, Gregory B. Dawkins, Assistant Appellate Defender, Santa Fe, NM, for Appellant

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: M. MONICA ZAMORA, Chief Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Defendant appeals his conviction of battery upon a peace officer following the entry of a conditional plea agreement. [DS 2; RP 94] In his docketing statement, Defendant challenged the denial of his motion to suppress evidence and suggested that

he was acting in self defense when he hit a deputy. [DS 2, 4] This Court issued a notice of proposed summary disposition, proposing to affirm with regard to the district court's denial of his motion to suppress evidence based upon the "new crime" exception to the exclusionary rule. *See State v. Tapia*, 2018-NMSC-017, ¶ 19, 414 P.3d 332 (describing New Mexico's adoption of the "new crime exception" to the exclusionary rule); *see also, e.g.*, *State v. Travison B.*, 2006-NMCA-146, ¶ 9, 140 N.M. 783, 149 P.3d 99 (noting that "societal interests dictate the protection of the officer from attack by someone who may question, albeit reasonably, the legality of the officer's actions"). Similarly, we proposed that the question of whether he could have viably asserted self defense had no bearing upon the district court's denial of his motion to suppress evidence and therefore provided no basis for reversal. [CN 2, 3] Defendant has filed a memorandum in opposition to that proposed disposition.

**{2}** In that memorandum, Defendant continues to assert that evidence should have been suppressed because he was illegally stopped and that he was acting in self defense when he hit the deputy. [MIO 2-5] Having duly considered that memorandum, we are unpersuaded. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition).

**{3}** Regardless of the legality of the deputy's actions, Defendant did not have a license to physically attack a law enforcement officer. *See State v. Doe*, 1978-NMSC-072, ¶ 11, 92 N.M. 100, 583 P.2d 464 (holding that "a private citizen may not use force to resist a search by an authorized police officer engaged in the performance of his duties whether or not the arrest is illegal"). Under such circumstances, the vindication of Defendant's constitutional rights would "lie in a civil action, not in a physical attack." *Travison B.*, 2006-NMCA-146, ¶ 9. And, more directly to the point, such an attack constitutes "new criminal activity that is not subject to the exclusionary rule." *Id.*

**{4}** With regard to any evidence that would have justified a self defense instruction, we reiterate that the district court's ruling on the motion to suppress evidence was not based upon any assessment of his self defense argument. To the extent that Defendant now asserts that the district court should have directed a verdict in his favor on the basis of self defense, we note that he would have borne the burden of persuading a jury that the deputy used excessive force "measured from the perspective of an objectively reasonable officer." *See State v. Ellis*, 2008-NMSC-032, ¶ 24, 144 N.M. 253, 186 P.3d 245. Based upon the facts summarized in Defendant's docketing statement and memorandum in opposition to summary disposition, it does not appear that Defendant would have been entitled to a directed verdict on the question of self defense. And, in any event, the sole question placed before this Court by Defendant's conditional plea is whether the district court properly denied his motion to suppress evidence. [RP 94]

**{5}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment and sentence of the district court.

{6}     IT IS SO ORDERED.

LINDA M. VANZI, Judge

WE CONCUR:

M. MONICA ZAMORA, Chief Judge

JENNIFER L. ATTREP, Judge