This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41506**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**KERRY BEGAY, JR. a/k/a
KERRY BEGAY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Karen L. Townsend, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Kerry Begay, Jr. appeals his conviction for battery upon a peace officer, contrary to NMSA 1978, Section 30-22-24(A) (1971), arguing that the jury was not properly instructed on the element of lawful discharge of duty, resulting in fundamental error. Defendant contends the jury should have been instructed on the lawful discharge standard articulated in *State v. Phillips*, 2009-NMCA-021, ¶ 16, 145

N.M. 615, 203 P.3d 146, which asks, "(1) whether the officer is discharging his duties, and (2) whether the officer's discharge of his duties is lawful[,] . . . [as] measured by his actual legal authority, including common-law, statutory, or constitutional limitations on the officer's authority." Because the New Mexico Supreme Court recently overruled *Phillips*, see *State v. Penman*, 2024-NMSC-024, ¶¶ 16-21, 562 P.3d 537,[1] and the uniform jury instruction given at trial correctly set forth the lawful discharge standard, we affirm.

## BACKGROUND

**{2}**     Defendant was involved in a physical altercation with Officer Taylor Morgan, a correctional officer at San Juan County Detention Center. Video surveillance contained no audio, but showed Officer Morgan in uniform walking around the cell block opening and closing various doors. Officer Morgan opened the door to the shower area and allowed Defendant to step out. After approximately nine seconds of conversation, Defendant punched Officer Morgan in the face and the two men fell to the floor. When additional officers arrived, they observed a red mark on the left side of Officer Morgan's forehead, as well as a bloody nose, a red bloodshot eye, and a swollen mark that appeared to be the impression of a man's thumbprint on Officer Morgan's throat. Subsequently, Defendant was charged with battery upon a peace officer. At trial, Defendant moved for a directed verdict, arguing that because the video evidence lacked audio, there was no way to determine what Officer Morgan said to Defendant, and therefore no evidence that Officer Morgan acted in the lawful discharge of his duties. The district court denied Defendant's motion, and the jury convicted Defendant of battery upon a peace officer. Defendant appeals.

## DISCUSSION

**{3}**     Battery upon a peace officer consists of "the unlawful, intentional touching or application of force to the person of a peace officer while [they are] in the lawful discharge of [their] duties, when done in a rude, insolent or angry manner." Section 30-22-24(A). Our Supreme Court has adopted a uniform jury instruction for this offense, UJI 14-2211 NMRA, which was given to the jury in this case. To convict Defendant, the jury was required to find:

1.     [D]efendant intentionally touched or applied force to Officer . . . Morgan by physically fighting with and punching Officer . . . Morgan;

2.     At the time, Officer . . . Morgan was a peace officer and was performing the duties of a peace officer;

3.     [D]efendant knew Officer . . . Morgan was a peace officer;

---

1We thank Defendant's counsel for her compliance with Rule 12-318(D) NMRA and Rule 16-303(A)(2) NMRA.

4.    [D]efendant's conduct caused an actual threat to the safety of Officer . . . Morgan AND/OR a meaningful challenge to the authority of Officer . . . Morgan;

5.    [D]efendant acted in a rude, insolent or angry manner;

6.    This happened in New Mexico on or about the 3rd day of July, 2022.

{4}    On appeal, Defendant focuses on the second element of the instruction, arguing that the given instruction failed to instruct the jury on the statutory requirement that the officer be "in the lawful discharge of his duties." Defendant did not raise this objection at trial, and our review is therefore for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134.

{5}    "Fundamental error only exists if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done." *State v. Caldwell*, 2008-NMCA-049, ¶ 22, 143 N.M. 792, 182 P.3d 775 (internal quotation marks and citation omitted). When reviewing for fundamental error, this Court considers whether "a reasonable juror would have been confused or misdirected by the jury instruction." *State v. Cunningham*, 2000-NMSC-009, ¶ 14, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). "[J]uror confusion or misdirection may stem not only from instructions that are facially contradictory or ambiguous, but from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *Benally*, 2001-NMSC-033, ¶ 12. On the other hand, "a jury instruction is proper, and nothing more is required, if it fairly and accurately presents the law." *Caldwell*, 2008-NMCA-049, ¶ 24 (alteration, internal quotation marks, and citation omitted).

{6}    Defendant argues that there is a meaningful difference between the standard set forth in the jury instruction—whether the officer "was a peace officer and was performing [the] duties of a peace officer"—and the statutory requirement that the officer be "in the lawful discharge of his duties." UJI 14-2211; *see* § 30-22-24(A). According to Defendant, the jury instruction merely asks the jury to consider whether the officer was performing his or her official duties. The correct standard, Defendant asserts, is set forth in *Phillips*, which asks whether the "officer's actions are *lawful*, i.e., constitutionally sound." *Penman*, 2024-NMSC-024, ¶ 18 (emphasis added).

{7}    After briefing was complete in this case, the New Mexico Supreme Court decided *Penman*, which rejected *Phillips*' interpretation of the lawful discharge standard. *See Penman*, 2024-NMSC-024, ¶ 18. The Court observed that it had addressed the contours of "the lawful discharge of duties" test in *State v. Doe*, 1978-NMSC-072, ¶¶ 11-15, 92 N.M. 100, 583 P.2d 464, and "concluded that *even if an arrest is effected without probable cause*, i.e., unlawfully, a police officer is engaged in the performance of his official duties if (h)e is simply acting within the scope of what the agent is employed to

do." *Penman*, 2024-NMSC-024, ¶ 17 (alteration, internal quotation marks, and citation omitted). The Court rejected *Phillips* on grounds that it conflicted with *Doe* and reaffirmed that "an officer is lawfully discharging their duties when they are acting within the scope of what the officer is employed to do." *Penman*, 2024-NMSC-024, ¶¶ 18, 21. Given the Court's decision to uphold the standard set forth in *Doe*, we must reject Defendant's argument that *Phillips* is good law and to the extent he relies on the standard in *Phillips* in support of his claim of fundamental error. *See State v. Mares*, 2024-NMSC-002, ¶ 42, 543 P.3d 1198 (stating that "when [the New Mexico Supreme Court has] directly ruled on an issue in a manner that would be dispositive in the case at bar, the Court of Appeals must apply that same rule to the case at bar").

**{8}**    Applying *Penman* and *Doe* in the present case, we conclude the jury was correctly instructed on the element of lawful discharge of duties. *See* § 30-22-24(A). The jury instruction given in this case required the jury to find that Officer Morgan was performing the duties of a peace officer, i.e., whether he was "acting within the scope of what the officer is employed to do." *Penman*, 2024-NMSC-024, ¶ 21. Because the jury was provided with an accurate statement of the law, we hold that the district court did not commit fundamental error.

**CONCLUSION**

**{9}**    For the foregoing reasons, we affirm.

**{10}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**GERALD E. BACA, Judge**