419 P.2d 248

STATE of New Mexico, Plaintiff-Appellee,

v.

James E. FLORSTEDT and Morris Sandel, Defendants-Appellants.

No. 7927.

Supreme Court of New Mexico.

Oct. 10, 1966.

James C. Compton, Portales, for appellants.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., for appellee.

## OPINION

CHAVEZ, Justice.

Defendants-appellants, James E. Florstedt and Morris Sandel, were separately tried in justice of the peace court, found guilty of disorderly conduct as defined in § 40A–20–1, N.M.S.A., 1953 Comp., and appealed to the district court of Roosevelt County. The two cases were consolidated for trial and again they were found guilty. Section 40A–20–1; supra, provides:

"Disorderly Conduct.—Disorderly conduct consists of : A. engaging in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace."

On the evening of February 21, 1965, about 11:00 p. m., appellants were at a drive-in having refreshments. While being served, they noticed a group of high school boys, two of whom were pushing each other but no blows were exchanged. For some reason the scuffle ended and, as the boys were leaving, someone said that there was going to be a fight out in the country. Appellants decided to go along to see what happened. As the cars proceeded east on State Road 88 from Portales, the arresting state police officer's attention was drawn to the caravan, and he followed the caravan until it stopped on a dirt road in a farm area with open fields on both sides of the road. The vehicles of the caravan stopped on the surface of the road, blocking it completely.

Appellants got out of their car and started forward to join the crowd, which was gathering at the front of the parked caravan to view the expectant fight. At this time someone indicated the presence of the police and appellants immediately returned to their car. The first two cars drove off. The officer arrested the occupants of the remaining vehicles and charged them with disorderly conduct. Appellants were among those arrested.

The officer testified he saw no acts of violence or indecent behavior committed, nor did he hear any boisterous, loud, noisy or profane language. He observed only a gathering crowd of teenagers and people in their early twenties.

We believe that the decision of the district court should be reversed, because we do not think appellants are guilty of disorderly conduct; nor do we think their conduct was such as "tends to disturb the peace."

Both appellee and appellants contend that the New York Penal Law, McKinney's Consol.Laws, c. 40, § 722(1), is similar to our statute, § 40A–20–1, supra. We agree. Also, we do not strain the meaning of "disturb the peace" in our statute, when we equate those words with "breach of the peace," as used in the New York statute.

Since there was clearly no violent, abusive, indecent, profane, boisterous or unreasonably loud conduct in this case, the question is—did appellants' conduct tend to "disturb the peace?" The New York court's definition in People v. Most, 171 N.Y. 423, 64 N.E. 175, 58 L.R.A. 509, of "breach of the peace" is:

"* * * It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community. * * *"

In applying this definition, New York has held there is no common law crime of disorderly conduct. Unless the acts complained of fall clearly within the statute, they are not disorderly. People ex rel. Clark v. Keeper, 176 N.Y. 465, 68 N.E. 884. Appellants' conduct in the instant case is not within our statute.

Appellee contends that appellants' conduct tended to disturb the peace and is in violation of our statute. Appellee has not cited nor have we found a case in which conduct similar to appellants' was held to be disorderly conduct.

Appellee also argues that the blocking of the road by the cars was disorderly conduct. We do not think our legislature intended this result. Section 64–18–49, N.M.S.A., 1953 Comp., makes such conduct a separate and specified offense. If the road were blocked, appellants could have been charged under this latter section.

Appellants cite several cases wherein spectators were charged with disorderly conduct, and suggest those cases stand for the proposition that spectators cannot be guilty of disorderly conduct. We disagree. In each of those cases the court has applied a basic definition, such as we quoted above, and determined if the individual's conduct was such as to be in violation of the statute defining disorderly conduct.

Under the facts of the instant case, we do not think the acts of appellants caused consternation and alarm, disturbing the peace and quiet of the community.

The judgment is reversed and the cause remanded to the district court, with direction that the judgment heretofore entered be set aside and judgment be entered dismissing said cause.

It is so ordered.

MOISE, J., and WALDO SPIESS, J., Court of Appeals.