484 P.2d 1273

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Michael B. ODEN, Defendant-Appellant.**

**No. 631.**

Court of Appeals of New Mexico.

April 23, 1971.

Dick A. Blenden, Rosenberg & Blenden, Carlsbad, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Thomas Patrick Whelan, Jr., Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Judge.

Convicted of disorderly conduct, § 40A–20–1, N.M.S.A.1953 (Repl. Vol. 6, Supp. 1969), defendant appeals. The dispositive issue is the sufficiency of the evidence to sustain the conviction.

The applicable portion of § 40A–20–1, supra, reads:

"Disorderly conduct consists of:

"A. engaging in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace;"

Which of the descriptive words appearing in the statute prior to the word "conduct" are involved in this case? Defendant asserts only "indecent" or "profane" could be applicable. The State does not contend that "profane" is applicable. Of the statutory words, the State claims "indecent" and "abusive" are applicable. In addition, the State asserts defendant's conduct was "obscene" and apparently would have us consider the question of obscene conduct under the statutory phrase "otherwise disorderly conduct."

Since neither the State nor the defendant contend defendant's conduct was "profane," we eliminate "profane conduct" as a part of the appeal. In doing so, we dispose of defendant's claim that the trial court improperly refused to permit defendant to cross-examine a State's witness as to her use of and familiarity with profanity. Since profane conduct is not involved in the case, a witness' use of or familiarity with profanity is also not involved.

Further, we decline to involve ourselves, in this appeal, with the question of whether defendant's conduct was obscene or abusive. It is not necessary to do so. The parties are in agreement that the question of indecent conduct is to be considered. Thus, our review is on the basis that "dis-

orderly conduct consists of engaging in indecent conduct which tends to disturb the peace."

Even with this reading of the statute, the parties disagree as to what must be proved to establish a violation. Defendant contends there are two parts to the statute. He asserts his conduct must have been (1) indecent and (2) tend to disturb the peace. The State contends the phrase, "which tends to disturb the peace," applies only to "otherwise disorderly conduct." The State asserts there is a statutory violation if no more than "indecent conduct" is established; that it was not required to prove that the indecent conduct tended to disturb the peace. Since the word "conduct" appears only once in the statute, we have no difficulty in assuming that the statute should be read as defendant contends. Thus, for the purposes of this appeal, we proceed on the basis that defendant's conduct must have been indecent and must also have tended to disturb the peace.

What conduct is involved? Five girls were playing tennis. A car drove up. The occupants of the car remarked how badly the girls were playing. The girls ignored these remarks. Three males then emerged from the car and asked if they could play. They were told they could not. These males then took the tennis balls away from the girls.

Defendant then got out of the car. When the girls told the males to give back the tennis balls, defendant remarked " * * * girls weren't born with them;" that girls weren't "[b]orn with balls." " * * * [H]e asked us why we needed them because girls didn't need any, * * *"

During this encounter, " * * * he [defendant] lifted up his arm and he asked us if that looked like a vagina." From an exchange between the trial court and defendant, it appears that defendant made a fist with his hand when he raised his arm.

Meanwhile, the other three males had returned to the car. At the conclusion of the above encounter with defendant, the three males emerged from the car nude. The girls then started running. Defendant said he "walked" with the girls. At this point, defendant " * * * asked us if we had never seen a boy like that before."

Most of the girls testifying admitted they were more shocked by the display of nudity by the three males than by defendant's conduct. At least one of the girls testified she was shocked by defendant's conduct and defendant testified the girls "did take offense at the word [balls]."

Defendant asserts " * * * that at most the language used in his conversation with the girls at the tennis court was a euphemism and was never intended and was not in fact indecent." Defendant's language was certainly not a euphemism, which is defined in Webster's Third New International Dictionary (1966) as "the substitution of an agreeable or inoffensive word or expression for one that is harsh, indelicate, or otherwise unpleasant or taboo."

Further, there is substantial evidence that defendant's conduct—his language and gesture—was indecent. See State v. Manlove, 79 N.M. 189, 441 P.2d 229 (Ct.App. 1968). The meaning of indecent includes that " ' * * * tending toward or being in fact something generally viewed as morally indelicate or improper or offensive; * * * ' " See State v. Minns, 80 N.M. 269, 454 P.2d 355 (Ct.App.1969). Defendant's conduct indecently referred to male and female sex organs.

Even if his conduct was indecent, defendant claims there is nothing in the record showing his conduct tended to disturb the peace. He relies on the testimony that the girls were more shocked by the nudity of the three males than by defendant's conduct, and evidence that the girls' parents " * * * are likely to have been the ones who wanted to file a complaint * * * " He also relies on evidence that the entire episode took approximately twenty minutes and that the girls didn't leave the tennis court as a result of de-

fendant's conduct, but only after the three males appeared nude.

State v. Florstedt, 77 N.M. 47, 419 P.2d 248 (1966) equates "disturb the peace" with "breach of the peace" and defines a breach of the peace to include a disturbance which, by causing consternation and alarm, disturbs the peace and quiet of the community. Black's Law Dictionary (4th ed. 1951), states: "A *constructive* breach of the peace is an unlawful act which, though wanting the elements of actual violence or injury to any person, is yet inconsistent with the peaceable and orderly conduct of society. \* \* \*"

All § 40A–20–1, supra, requires in this case is indecent conduct which *tends* to disturb the peace. Conduct which is inconsistent with the peaceable and orderly conduct of society tends to disturb the peace and quiet of the community. A reasonable mind could find defendant's conduct adequate to support the conclusion that it tended to disturb the peace. Thus, there is substantial evidence that defendant's conduct did tend to disturb the peace.

The thrust of defendant's argument, however, is that the question of disturbing the peace must be determined solely by the reaction of the girls to defendant's conduct. Since the disturbance is viewed in relation to the peace and quiet of the community, the standard for which defendant contends is incorrect. State v. Florstedt, supra. Even if defendant's contentions were correct, there is substantial evidence. Defendant himself testified that the girls took offense at his reference to "balls." One girl testified she was shocked and after the three males appeared nude, defendant followed the girls, asking if they had never seen a boy like that before. This evidence supports a conclusion that, considering only the girls' reactions, defendant's conduct tended to disturb the peace.

The judgment and sentence is affirmed. It is so ordered.

SPIESS, C. J., and HENDLEY, J., concur.