This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38233**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**SONYA ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Sonya Romero was convicted of battery upon a peace officer, criminal damage to property, and disorderly conduct. Defendant appeals, claiming (1) there was insufficient evidence to support her conviction for disorderly conduct, and (2) her right to a speedy trial was violated. We reverse as to the first issue and affirm as the second.

**{2}**     Because this is a memorandum opinion and the parties are presumed to be familiar with the facts and procedural history of the case, we will not recite them except as necessary for our analysis.

## DISCUSSION

### I.     Sufficient Evidence Does Not Exist to Support Defendant's Conviction for Disorderly Conduct

**{3}**     "The test to determine the sufficiency of the evidence in New Mexico is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt." *State v. Montoya*, 2015-NMSC-010, ¶ 53, 345 P.3d 1056 (omission, alteration, internal quotation marks, and citation omitted). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "An appellate court does not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence. . . . Where, however, a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. "We may not substitute our judgment for that of the jury." *State v. Apodaca*, 1994-NMSC-121, ¶ 15, 118 N.M. 762, 887 P.2d 756. "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883.

**{4}**     "Disorderly conduct" consists of

> engaging in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tends to disturb the peace.

NMSA 1978, § 30-20-1(A) (1967).

**{5}**     In this case, the district court instructed the jury that, for it to find Defendant guilty of disorderly conduct, they were required to find that "[D]efendant engaged in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct which tended to disturb the peace." *See* § 30-20-1(A). In *State v. Correa*, our Supreme Court held that disorderly conduct "has two elements: the conduct itself and the tendency of the conduct to disturb the peace. Both must be present." 2009-NMSC-051, ¶ 21, 147 N.M. 291, 222 P.3d 1 (internal quotation marks and citation omitted). Concerning the second element, the *Correa* Court stated that there are "three categories of conduct that may satisfy the second element of disorderly conduct: (1) an actual act of violence; (2) an act likely to incite another to violence; and (3) an act that disturbs the peace and tranquility of the community." *Id.* ¶ 31 (citing *State v. Florstedt*, 1966-NMSC-208, ¶ 7, 77 N.M. 47, 419 P.2d 248).

**{6}** Here, Defendant challenges the third of the three categories of conduct that can result in disorderly conduct set forth in *Florstedt*. She contends that her conduct did not disturb the peace. Consequently, in determining whether there was sufficient evidence to support Defendant's conviction for disorderly conduct, we must determine what the term "which tends to disturb the peace" means in Section 30-20-1(A).

**{7}** "Our Legislature has not defined what it means to 'disturb the peace.' Our courts have stated that the standard is whether [the] defendant's conduct *tends* to disturb the public peace. Conduct which tends to disturb the peace is that conduct which is inconsistent with the peaceable and orderly conduct of society." *Correa*, 2009-NMSC-051, ¶ 22 (internal quotation marks and citations omitted). Further, "[o]ur Supreme Court has interpreted the language of Section 30-20-1 concerning conduct which tends to disturb the peace to include conduct which, by causing consternation and alarm, disturbs the peace and quiet of the community. The standard is whether the defendant's conduct tends to disturb the public peace. There is no requirement that the [public] be actually offended by the comments, or that a crowd must gather in response to [the d]efendant's behavior. The only requirement is that [the d]efendant's actions disturb the public peace." *State v. Salas*, 1999-NMCA-099, ¶ 17, 127 N.M. 686, 986 P.2d 482 (emphasis, internal quotation marks, and citations omitted.).

**{8}** As stated in *City of Las Cruces v. Flores*, No. A-1-CA-36660, mem. op. ¶ 10 (N.M. Ct. App. Mar. 11, 2020) (nonprecedential),

> Conduct is not criminal or suspicious simply because it is boisterous or unreasonably loud; the conduct must also tend to disturb the peace. *See id.* ¶ 12 (determining that the offense of disorderly conduct "has two elements: the conduct itself and the tendency of the conduct to disturb the peace"). This is particularly true when the conduct at issue is comprised of words alone. New Mexico courts have criminalized only limited classes of speech: "the lewd and obscene, the profane, the libelous, and the insulting or 'fighting' words—those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *State v. James M.*, 1990-NMCA-135, ¶ 11, 111 N.M. 473, 806 P.2d 1063 (internal quotation marks and citation omitted). The public's sensibilities are tough enough that, typically, the act of yelling alone does not shatter public order or threaten to do so. *See, e.g.*, *State v. Hawkins*, 1999-NMCA-126, ¶ 13, 128 N.M. 245, 991 P.2d 989 ("The mere fact that people may have heard [the d]efendant's remarks, however loud or offensive they may have been, is insufficient to support a charge of disorderly conduct.").

**{9}** With this in mind, we turn to the evidence in this case, viewing it "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Cunningham*, 2000-NMSC-009, ¶ 26. The evidence in this case established the following. Defendant and her children were staying at her parents' home. On the morning of the incident giving rise to the charges in this case, from the moment she was awakened by her father, Defendant was angry

because she intended to sleep late because her daughter had a doctor's appointment, and she did not have to take her daughter to school. In her anger, Defendant began yelling and throwing things about the house. In addition, she broke some doors inside of the home. Because of her outburst, a family member called the police to remove Defendant from the home and to control the situation.

**{10}** The disorderly conduct charge related solely to Defendant's conduct inside the home and consequently, in performing our sufficiency of the evidence review, our focus is limited to that conduct. As we pointed out above, the conduct in which Defendant engaged was, save for an instance of throwing items about and allegedly breaking a door, exclusively yelling loudly and in anger. There is nothing in the record to suggest that Defendant was yelling in a lewd and obscene manner or yelling profane, libelous or insulting words, or "fighting" words. There is no evidence in the record to establish that Defendant, while in her home before her removal by police, threatened to harm anyone or that she harmed or attempted to harm anyone. Moreover, even though at least one neighbor's attention was drawn to the home, the record is silent as to whether this neighbor's reaction was to Defendant's conduct, rather than her parents' or the police response to the incident. There is nothing in the record to indicate that Defendant's conduct in her home caused this neighbor or any member of the public consternation or alarm. *See Salas*, 1999-NMCA-099, ¶ 17.

**{11}** Consequently, a jury could not reasonably infer[1] that Defendant acted in a manner that disturbed the peace. Defendant's conduct, though loud and boisterous, and possibly discomforting to those who heard it was not the kind of conduct for which a person should be charged with a crime.

**{12}** Accordingly, we hold there was insufficient evidence to find Defendant guilty of disorderly conduct and reverse her conviction as to that charge.

## II. Defendant's Right to a Speedy Trial Was Not Violated

**{13}** Defendant seeks to have her convictions for battery on a peace officer, criminal damage to property, and disorderly conduct reversed based on an alleged violation of her right to speedy trial. She claims that the over thirty-month[2] delay in bringing her to trial in this "simple" case[3] violated her right to a speedy trial guaranteed to her under the State of New Mexico and the United States Constitutions.

**{14}** We have reviewed the record in this case; we have applied the four-pronged balancing test established in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972); and we conclude that Defendant's right to a speedy trial was not violated. The thirty-month

---

1*See State v. Slade*, 2014-NMCA-088, ¶ 14, 331 P.3d 930 ("A reasonable inference is a conclusion arrived at by a process of reasoning which is a rational and logical deduction from facts admitted or established by the evidence." (alterations, internal quotation marks, and citation omitted)).

2This period was calculated from the date of Defendant's initial arrest, October 17, 2016, through the date of trial, May 8, 2019.

3The parties, in their briefing, agree that this case should be categorized as a simple case for speedy trial purposes.

delay in this case exceeded the twelve-month threshold for the presumption of prejudice for a simple case under our case law, *see State v. Lujan*, 2015-NMCA-032, ¶ 9, 345 P.3d 1103 (stating that this Court "first assess[es] whether the length of the delay was 'presumptively prejudicial,' depending on the complexity of the case"), thereby triggering the *Barker* four-pronged balancing test. "The 'length of delay' factor serves a dual purpose when analyzing a speedy trial violation. First, it acts as a threshold triggering mechanism used to determine whether the delay is 'presumptively prejudicial' so as to continue with a full speedy trial analysis. Second, it is the first independent *Barker* factor that must be addressed to determine whether a defendant's speedy trial rights have been violated." *State v. Brown*, 2017-NMCA-046, ¶ 14, 396 N.M. 171 (citations omitted). Of those thirty months, administrative delay accounted for approximately twenty-four months, which we weight moderately, but not heavily, against the State. The balance of the delay, approximately six months, is attributable to Defendant and weighs against her.

**{15}** Defendant asserted her right in accord with our case law, and she is credited slight weight for this. "Under this factor, we assess the timing of the defendant's assertion and the manner in which the right was asserted. We accord weight to the frequency and force of the defendant's objections to the delay and analyze the defendant's actions with regard to the delay." *State v. Spearman*, 2012-NMSC-023, ¶ 31, 283 P.3d 272 (alteration, internal quotation marks, and citations omitted).

**{16}** Although we have concluded that Defendant is entitled to a presumption of prejudice based upon the thirty-month delay, Defendant has failed to establish actual prejudice because of this delay. We explain.

**{17}** "The United States Supreme Court has identified three interests under which we analyze prejudice to the defendant: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *State v. Maddox*, 2008-NMSC-062, ¶ 32, 145 N.M. 242, 195 P.3d 1254 (internal quotation marks and citation omitted).

**{18}** Here, Defendant does not claim oppressive pretrial incarceration or prejudice to her defense. Instead, she claims prejudice because of increased anxiety and depression of the unresolved pending charges and because of lost employment and educational opportunities. "To support a claim of prejudice based on anxiety or stress, a defendant must specifically show that their anxiety, concern, and disruption of life is greater than or different from the general anxiety and concern that would likely befall any individual awaiting trial on criminal charges." *State v. Donahoo*, A-1-CA-38456, mem. op. ¶ 28 (N.M. Ct. App. Mar. 24, 2022) (nonprecedential). "Specific evidence of lost employment and lack of employment opportunity can be sufficient to show the kind of particularized and undue prejudice that satisfies [the] fourth factor of the *Barker* analysis." *Id.* ¶ 29.

**{19}** Concerning Defendant's claim that the delay "exacerbated" her preexisting mental health issues, the record does not support her claim. Defendant admitted that

she suffered anxiety and depression before the State filed this case. As well, while this case was pending, Defendant's medications did not change from those prescribed to her before the case was brought against her. Finally, the increased dosage of her medication was due to missed appointments, not the delay in bringing this case to trial.

**{20}** Next, we turn to the Defendant's argument that she lost employment and educational opportunities because of the delay. The record does not support this argument either. The record indicates that before she was charged, Defendant was unemployed, had a sporadic employment history during which the longest she remained employed at any one job was for three and one-half years, was denied employment only once during the pendency of this case, and only applied for two jobs during the thirty months that this case was pending. The record also indicates that Defendant dropped out of high school, that she was not enrolled in an educational program at the time that the charges were brought against her, that in 2014, she had had previously enrolled in college for one semester but quit, and that she did not attempt to enroll in any educational program during the pendency of this case because she didn't believe she could enroll in such a program due to the pending charges.

**{21}** Therefore, we hold that Defendant did not suffer any particularized prejudice directly attributable to the delay in bringing her to trial. This prong of the *Barker* balancing test weighs against Defendant.

**{22}** This Court, having considered each of the *Barker* factors and balancing those factors,[4] concludes that, although some of the factors weigh against the State and in favor of Defendant, none of them, individually or in combination, weigh so heavily against the State as to establish that Defendant's right to a speedy trial was violated. We also bear in mind that much of the delay (twenty-four of the thirty months) was administrative delay caused by the busy docket of the district court. What is more, even though the total delay in this case was considerable, Defendant has not made the requisite showing of actual prejudice.

**{23}** Consequently, we conclude that Defendant's speedy trial right was not violated.

**CONCLUSION**

**{24}** For the reasons stated above, we reverse Defendant's conviction for disorderly conduct and affirm the district court's denial of Defendant's motion to dismiss for speedy trial violation.

**{25}** **IT IS SO ORDERED.**

---

4"We balance the *Barker* factors in the context of the policy that supports the enforcement of the speedy trial right. The four *Barker* factors have no talismanic qualities. No one factor constitutes either a necessary or sufficient condition to finding a deprivation of the right to a speedy trial." *Maddox*, 2008-NMSC-062, ¶ 36 (alteration, internal quotation marks, and citation omitted).

**GERALD E. BACA, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**